DLD-058                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3518
_____

IN RE: FREDERICK H. BANKS,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 19, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: December 31, 2015)
_____

OPINION\*
_____

PER CURIAM

        On August 5, 2015, a federal indictment was returned against Frederick H. Banks

in the United States District Court for the Western District of Pennsylvania, charging him

with Interstate Stalking in violation of 18 U.S.C. §§ 2261A(2) and 2.  See United States

v. Banks, Crim. No. 2:15-cr-00168-001.  The case was assigned to District Judge Mark

R. Hornak and Banks was appointed counsel.  On September 1, 2015, upon the motion of

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Banks' attorney, the District Court entered an order granting counsel's request that Banks undergo a psychological evaluation in order to determine whether he is competent to understand "the nature and consequences of the charges pending against him and to effectively participate in his defense." Thereafter, the District Court entered a series of orders denying various motions that Banks had filed without having consulted with his attorney. The criminal case is ongoing.

On October 21, 2015, Banks filed in this Court a petition for a writ of mandamus. In the petition, Banks appears to request that this Court order the District Court to investigate whether the Government, in concert with other individuals, acted improperly in filing criminal charges against him. Banks also appears to request that we order the District Court to rescind its order directing Banks to undergo a competency evaluation. Banks appears to claim that his attorney requested the evaluation in order to assist the Government in delaying his case, which has resulted in a violation of his speedy trial rights.

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "no other adequate means to attain the desired relief, and . . . [a] right to the writ [that] is clear and indisputable.'" In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Banks, in filing his mandamus petition, appears to seek interlocutory review of several non-dispositive rulings made by the District Court. He also appears to seek immediate review over claims that the Government acted improperly in filing charges against him, and that his speedy trial rights have been violated. Mandamus is not a substitute for appeal, however. See Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Banks has not demonstrated that he is without other adequate means for relief. In re Patenaude, 210 F.3d at 141. At a later time, on appeal (if necessary), Banks may renew the arguments that he has raised in this petition. Indeed, mandamus is "available when necessary to prevent grave injustice." Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984). We perceive no "grave injustice" with respect to any of the District Court's rulings, including its decision to grant counsel's request for a competency evaluation. There is no information to support a conclusion that counsel requested the evaluation to delay resolution of the pending criminal charges.

For these reasons, the petition for a writ of mandamus will be denied.