**BLD-004**                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3091
_____

IN RE:  FREDERICK H. BANKS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 6, 2016

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 3, 2016 )
_____

OPINION[*]
_____

PER CURIAM

Pro se Petitioner Frederick H. Banks has filed a petition for a writ of mandamus

concerning the ongoing criminal case against him on charges of Interstate Stalking

(18 U.S.C. §§ 2261A(2) and 2), Wire Fraud (18 U.S.C. §§ 1343 and 2), Aggravated

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Identity Theft (18 U.S.C. § 1028A(a)(1)), and Making False Statements (18 U.S.C. § 1001(a)(3)). Upon motion by appointed defense counsel, the District Court began an official inquiry into Banks's competency to stand trial. During that inquiry, in April 2016, the District Court ordered a mental health evaluation to be performed at the Federal Bureau of Prisons ("BOP") facility in Butner, North Carolina. In the same order, the District Court denied Banks's counseled request to be released on bond pending trial. The District Court also denied Banks's pro se motions, noting that the motions were denied without prejudice to being refiled by appointed counsel.

In July 2016, Banks filed this mandamus petition. He alleges that the District Court did not serve him with the April 2016 order in order to obstruct his appeal under the Bail Reform Act. Banks states that counsel never provided him with a copy, and so he first received actual notice of the order on July 1, 2016.[1] He asserts that a writ of mandamus is appropriate to reinstate his right to appeal from the April 2016 order and to reverse the decision denying his release on bond. Banks also seeks mandamus relief to order his appointed counsel to refile his motions, given counsel's refusal to do so thus far.

Mandamus is a drastic remedy reserved for the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance

---

[1] Apparently, Banks does not dispute that counsel of record was duly served with notice of the order.

of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). Even when a petitioner shows the absence of other adequate means to obtain the requested relief, and also establishes a "clear and indisputable" right to issuance of the writ, our exercise of mandamus power is largely discretionary. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

Upon consideration of the circumstances presented here, we conclude that mandamus relief is not warranted. The writ of mandamus may be used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378 (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Mandamus is not appropriate as a substitute for an appeal from a decision by the District Court. See Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380-81 (2004); In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79. We note that Banks alludes to an eleven-month delay during the District Court's determination of his competency. To the extent that Banks alleges that mandamus relief is appropriate in light of the delay in his criminal case while the question of his competency is being determined, we disagree that our intervention is warranted. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). It appears from the record that the District Judge and the parties remain engaged in the matter, and the proceedings have remained active in recent months.

For these reasons, we will deny the petition for a writ of mandamus.