**BLD-003**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2453
_____

IN RE:  FREDERICK H. BANKS,
                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 6, 2016

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: November 3, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Pro se Petitioner Frederick H. Banks has filed a petition for a writ of mandamus

concerning the ongoing criminal case against him.  In August 2015, Banks was indicted

on a federal criminal charge of Interstate Stalking (18 U.S.C. §§ 2261A(2) and 2); a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

superseding indictment was filed in January 2016, on charges of Interstate Stalking, Wire Fraud (18 U.S.C. §§ 1343 and 2), Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)), and Making False Statements (18 U.S.C. § 1001(a)(3)). Counsel was appointed to represent Banks in his criminal case. In September 2015, upon defense counsel's motion, the District Court ordered Banks to undergo a psychological evaluation concerning his competence to understand the nature and consequences of the criminal charges and his ability to participate in his defense. The order deemed the period from the date of the order through thirty days after the filing of the report to be excludable delay under the Speedy Trial Act. Over the months that followed, Banks filed a number of pro se motions, which the District Court denied without prejudice, subject to reassertion by defense counsel.[1]

A hearing concerning Banks's competency was held on December 30, 2015. On January 8, 2016, the District Court issued an order relating to the competency hearing, allowing for additional consideration of material by the examiner, and for supplemental reports and memoranda to be filed by the examiner and by the parties. Pursuant to that order, the last supplemental memorandum was filed in March 2016. On March 31, 2016, the District Court issued an order regarding its consideration of the matter, again deeming the time pending the determination of Banks's competency to be excludable for purposes of the Speedy Trial Act. In April 2016, the District Court ordered another psychiatric or

---

[1] In October 2015, Banks filed in this Court a petition for a writ of mandamus, docketed at C.A. No. 15-3518. We denied the petition on December 31, 2015.

psychological evaluation to be performed at the Federal Bureau of Prisons ("BOP") facility in Butner, North Carolina.

While the evaluation was pending, Banks filed this mandamus petition. He alleges that the District Judge, the Assistant United States Attorney prosecuting the case, and defense counsel violated his right to a speedy trial by refusing to accept the initial competency evaluation and ordering another to be conducted. Banks also alleges, among other things, that the trial delay is intended to prevent him from exposing the unlawful electronic surveillance activity being conducted by the CIA, as well as the lack of evidence against him. As relief, Banks seeks an order for his trial to commence forthwith, as well as for his release from custody.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Some delays, however, are so intolerable as to warrant appellate intervention. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Upon consideration of the circumstances in Banks's case, we conclude that the trial postponement pending determination of the competency issue does not constitute a denial of due process or a failure by the District Court to exercise jurisdiction. See Madden, id. During the months since Banks's mandamus filing, the proceedings have remained active. Banks was transferred into BOP custody, the prosecution furnished information that had been requested for the purposes of the forensic psychologist's evaluation, and the evaluation was accomplished. The record reflects that the District Court has remained engaged in receiving status updates and conducting several status conferences with the parties, all leading to a September 29, 2016 competency hearing and October 3, 2016 commitment order for treatment.[2] Under these circumstances, we cannot conclude that Banks has shown a clear and indisputable right to mandamus relief.

Accordingly, we will deny the petition for a writ of mandamus.

---

[2] The October 3, 2016 order specifies that the treatment is to determine whether there is a substantial probability that Banks will attain the capacity to permit the criminal proceedings to resume in the foreseeable future. A status update is due no later than November 14, 2016.

4