**BLD-081**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3933
_____

IN RE:  FREDERICK H. BANKS,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 21, 2016

Before:  AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: January 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

Pro se Petitioner Frederick H. Banks has filed a petition for a writ of mandamus

relating to the ongoing federal criminal case against him on charges of Interstate Stalking

(18 U.S.C. §§ 2261A(2) and 2), Wire Fraud (18 U.S.C. §§ 1343 and 2), Aggravated

Identity Theft (18 U.S.C. § 1028A(a)(1)), and Making False Statements (18 U.S.C.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 1001(a)(3)).  Upon motion by appointed defense counsel, the District Court began an official inquiry into Banks's competency to stand trial.  During that inquiry, in April 2016, the District Court ordered a mental health evaluation to be performed at the Federal Bureau of Prisons ("BOP") facility in Butner, North Carolina.  While the evaluation was pending, Banks filed in this Court a mandamus petition, docketed at C.A. No. 16-2453.  In that petition, he alleged that the trial delays violated his right to a speedy trial and were part of a plan to conceal the CIA's unlawful electronic surveillance activity.  We denied the mandamus petition on November 3, 2016, noting that the District Court proceedings had remained active, ultimately leading to a competency hearing and the District Court's October 3, 2016 order committing Banks for hospitalization and treatment, with status updates to follow.

In the interim, Banks filed this mandamus petition.  Among other things, he alleges wrongdoing by the Clerk of the United States District Court for the Eastern District of North Carolina, and by a prison trust fund department staff member at the Federal Correctional Institution-Butner, concerning the dismissal of his cases and the removal of funds from his account.  He also alleges that treatment notes concerning his condition were not conveyed to the District Judge in his criminal case, that the District Judge adopted a "bogus mental evaluation," and that the District Judge routinely denies bond for minority defendants.  Further, Banks refers to the CIA's electronic harassment and the FBI's "set up" against him, asserting that the District Judge, along with the Directors of the FBI and CIA, are keeping him committed for an unreasonable period of

2

time. As relief, Banks seeks an order from this Court directing the Respondents to perform their duties, return his funds, and release him from custody.

Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has jurisdiction to issue a writ of mandamus "in aid of" its potential appellate jurisdiction. That is, we may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). To the extent that Banks included among the Respondents the Clerk of the District Court for the Eastern District of North Carolina for actions taken by that court, there exists no independent basis for us to exercise our supervisory authority over that court by way of mandamus.

Further, mandamus is an "extraordinary" and "drastic" form of relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). Even if these two conditions are met, mandamus must not be used as a substitute for an appeal, and our exercise of mandamus power is largely discretionary. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). We have reviewed the allegations in Banks's petition regarding his criminal proceedings, and, under the circumstances of this case, we decline to exercise our mandamus power to the extent we have such authority under § 1651.

3

Finally, to the extent that Banks alleges actions and omissions by the federal officers, employees, and agencies named as Respondents, we note that a district court might have mandamus jurisdiction to address those matters in the first instance.  See 28 U.S.C. § 1361.  Upon consideration of the mandamus principles set forth above, we decline to transfer the matter to a district court.

Accordingly, we will deny the petition for a writ of mandamus.