**ELD-003**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2727
_____

In re: FREDERICK H. BANKS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa.No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 12, 2017

Before: JORDAN, GREENBERG and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Frederick Banks has filed a petition for writ of mandamus. For

the reasons below, we will deny the petition.

In August 2015, Banks was charged in the United States District Court for the

Western District of Pennsylvania with one count of interstate stalking. He was later

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

charged by a superseding indictment with aggravated identity theft, making false statements, and wire fraud.

Later that month, appointed defense counsel moved the District Court to inquire into whether Banks was competent to stand trial. In support of the motion, counsel noted, inter alia, that Banks was under the impression that the Government had been tracking his communications under the authority of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1801. The District Court granted counsel's motion and ordered Banks to undergo a psychological evaluation.

Banks promptly filed a petition for a writ of mandamus asking us to direct the District Court to rescind the order. Banks claimed that counsel had requested the competency evaluation in an effort to delay the resolution of his criminal case and to conceal the Government's unlawful electronic surveillance activity. We denied mandamus relief. In re Banks, 628 F. App'x 73, 75 (3d Cir. 2015) (per curiam) (not precedential). We stated that we perceived no grave injustice in the District Court's decision to evaluate Banks's competency, and observed that Banks had not provided any support for his allegation that counsel had questioned his competency in order to delay his case. Banks has since filed at least three additional petitions for a writ of mandamus claiming that the competency proceedings are part of a conspiracy to delay his criminal case. We have rejected each of these petitions. In re Banks, 670 F. App'x 52, 53-54 (3d Cir. 2016) (per curiam) (not precedential); In re Banks, 670 F. App'x 54, 55 (3d Cir.

2

2016) (per curiam) (not precedential); In re Banks, 674 F. App'x 238, 239 (3d Cir. 2017) (per curiam) (not precedential).

In the mandamus petition now before us, Banks continues to argue that appointed counsel requested the competency evaluation in order to delay his criminal case and to conceal the Government's unlawful electronic surveillance activity. He contends that, although counsel previously cited Banks's concerns about FISA surveillance as evidence of his incompetency, a July 2017 email from appointed counsel to the prosecutor reveals that counsel in fact believed that FISA surveillance evidence existed. As relief, Banks asks us to enjoin the District Court from further delaying his trial, order the Government to release the FISA materials to him, and release him from custody.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). In order for the writ to issue, a petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

We will deny Banks's petition. The July 2017 email reflects appointed counsel's effort to advocate for Banks by requesting the surveillance his client has been seeking for years. Contrary to Banks's contention, nothing in the email supports his theory that defense counsel requested the competency evaluation in order to delay the criminal proceedings.

3

Because Banks has not shown that his "right to issuance [of a writ of mandamus] is clear and indisputable," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the petition for writ of mandamus is denied.[1]

---

[1] Banks's "motion to order BOP to provide six month trust funds statement," which we construe as a request to be relieved from filing a prison account statement in support of his application to proceed in forma pauperis (IFP), is granted. Banks's IFP application is deemed complete and is hereby granted. We emphasize that Banks's request to be relieved from filing a prison account statement is granted for the purpose of this mandamus petition only; all future IFP applications must comply with L.A.R. 24.1 and all requirements of this Court.