**ELD-004**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2614
_____

IN RE:  FREDERICK H. BANKS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 12, 2017

Before: JORDAN, GREENBERG and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Frederick Banks has filed a petition for a writ of mandamus.  For the reasons

below, we will deny the petition.

        In August 2015, Banks was charged in the District Court for the Western District

of Pennsylvania with one count of interstate stalking.  In January 2016, he was charged

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

by a superseding indictment with aggravated identity theft, making false statements, and wire fraud. The criminal proceedings have been delayed while Banks's competency is being evaluated.

In October 2015, Banks filed a petition for a writ of mandamus. He requested that we order the District Court to rescind its order directing him to undergo the competency evaluation. In December 2015, we denied the petition on the ground that Banks had the alternate remedy of raising his arguments on appeal.[1] We noted that mandamus is available to prevent "grave injustice," see Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984), but that we perceived no such injustice. We observed that there was nothing to support Banks's allegation that defense counsel requested the competency evaluation to delay the resolution of the criminal charges. See In re Banks, No. 15-3518, 628 F. App'x 73, 74 (3d Cir. Dec. 31, 2015) (per curiam not precedential).

In the mandamus petition before us now, Banks seeks to relitigate his prior mandamus petition. Banks argues that he has new evidence to support his contention that counsel requested the competency evaluation to delay the criminal proceedings. He asserts that defense counsel has stated that Banks is delusional because he requests information regarding whether the Government had him under electronic surveillance.

---

[1] The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, a petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

Banks points out that in a July 2017 email, defense counsel requested evidence of this electronic surveillance from the prosecutor.

The new evidence submitted by Banks does not change our analysis of his prior mandamus petition. That defense counsel tried to obtain purported evidence that Banks has been requesting for years does not support a determination that counsel is trying to delay the proceedings. Rather, it shows merely that defense counsel expressed, and advocated for, Banks's discovery requests to the prosecutor.

For the above reasons, we will deny the petition for mandamus.